UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 11-40709 |
| | ) | Chapter 7 |
| RUSSELL EUGENE WILLMAN | ) | |
| SSN/ITIN xxx-xx-2911 | ) | |
| | ) | |
| and | ) | DECISION RE: TRUSTEE'S |
| | ) | MOTION FOR TURNOVER |
| CINDY LOU WILLMAN | ) | |
| aka Cindy Lou Reiners | ) | |
| SSN/ITIN xxx-xx-8157 | ) | |
| | ) | |
| Debtors. | ) | |

The matter before the Court is Trustee Lee Ann Pierce's Motion for Turnover (doc. 25).[1] This is a core proceeding under 28 U.S.C. § 157(b)(2). The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will order Debtors to turn over the vacation time they accrued prior to filing their petition for relief herein.

I.

On the petition date,[2] Debtor Russell Eugene Willman ("Russell") had been employed as a full-time truck driver for Sweetman Construction Company ("Sweetman") for ten years. Russell is paid $15.80 per hour[3] and earns 120 hours of

---

[1] The parties resolved all but one of the issues presented by Trustee Pierce's motion. In lieu of an evidentiary hearing, the parties elected to submit that issue on stipulated facts (doc. 49).

[2] Debtors filed a petition for relief (doc. 1) under chapter 7 of the bankruptcy code on August 31, 2011.

[3] A copy of Russell's September 1, 2011 earnings statement is attached as exhibit "B" to the parties' stipulation.

vacation time annually.[4] On the petition date, Russell had accrued 127.56 hours of vacation time. If Russell had terminated his employment with Sweetman on the petition date, he would have received a payment of $1,862.27 for his accrued vacation time.

On the petition date, Debtor Cindy Lou Willman ("Cindy") had been employed as a full-time housekeeper at Bethesda of Beresford ("Bethesda") for ten months. Cindy is paid $8.32 per hour[5] and earns vacation time based on length of employment and number of paid hours.[6] On the petition date, Cindy had accrued 33.28 hours of vacation time. If Cindy had terminated her employment with Bethesda on the petition date, she would have received a payment of $248.73 for her accrued vacation time.

Trustee Pierce is asking the Court to order Debtors to pay her $2,111.00–the amount Debtors would have received if both had terminated their employment on the petition date–for their accrued vacation time.[7]

II.

The issue submitted by the parties is "[w]hether the portion of a debtor's

---

[4] The portion of Sweetman's employee handbook dealing with vacation time is attached as exhibit "A" to the parties' stipulation.

[5] A copy of Cindy's August 26, 2011 earnings statement is attached as exhibit "D" to the parties' stipulation.

[6] The portion of Bethesda's employee handbook dealing with vacation time is attached as exhibit "C" to the parties' stipulation.

[7] In her motion, Trustee Pierce originally sought $1,451.00 for Debtors' accrued vacation time. Her request for $2,111.00 is based on the parties' stipulation.

accrued vacation pay which is related to the pre-petition services of the debtor and in which the debtor is fully vested at the time the bankruptcy petition is filed is an asset of the bankruptcy estate." As discussed below, such accrued vacation pay is property of the estate. However, as also discussed below, that conclusion is not dispositive of Trustee Pierce's motion.

III.

Property of the Estate

The filing of a petition for relief under the bankruptcy code creates a bankruptcy estate comprising, *inter alia*, all the debtor's legal and equitable interests in property on the petition date. 11 U.S.C. § 541(a)(1). State law determines the nature and extent of a debtor's interest in property. *Butner v. United States*, 440 U.S. 48, 55 (1979). However, federal law–more specifically, § 541–determines the extent to which the debtor's interest becomes property of the bankruptcy estate. *Lindquist v. JNG Corp.* (*In re Lindell*), 334 B.R. 249, 253 (Bankr. D. Minn. 2005) (citing *N.S. Garrott and Sons v. Union Planters National Bank* (*In re N.S. Garrott and Sons*), 772 F.2d 462, 466 (8th Cir. 1985)).

Section 541(a)(1) defines property of the estate broadly and encompasses conditional, future, speculative, and equitable interests of the debtor. *U.S. ex rel. Gebert v. Transport Administrative Services*, 260 F.3d 909, 913 (8th Cir. 2001) (citations therein). The legislative history of § 541 states § 541(a)(1) has the effect of overruling *Lines v. Frederick*, 400 U.S. 18 (1970), which held under the bankruptcy

code's predecessor accrued vacation pay was *not* property that passed to the trustee. *Parkinson v. Bradford Trust Company of Boston* (*In re O'Brien*), 50 B.R. 67, 73 (Bankr. E.D. Va. 1985) (citations therein). Consequently, it is difficult to imagine how § 541(a)(1) could be interpreted to exclude accrued vacation pay from property of the estate.

This most likely explains the paucity of reported decisions on the issue. Regardless of the explanation, however, those few courts that have directly addressed the issue have concluded accrued vacation pay is property of the estate under § 541(a)(1). *See*, *e.g.*, *Anderson v. Peterson* (*In re Peterson*), 2006 WL 6589911 (Bankr. N.D. Ga. 2006); *Hill v. Muniz* (*In re Muniz*), 320 B.R. 697, 700-01 (Bankr. D. Colo. 2005); *Bernstein v. Richardson* (*In re Richardson*), 34 B.R. 611 (Bankr. D. Colo. 1983); *Leech v. Nichols* (*In re Nichols*), 4 B.R. 711, 714 (Bankr. E.D. Mich. 1980). This Court agrees: Accrued vacation pay is property of the estate.

## Turnover

Generally, if a debtor has possession, custody, or control of property of the estate, the debtor must deliver that property or its value to the chapter 7 trustee. 11 U.S.C. § 542(a). If the debtor refuses to deliver such property or its value, the trustee may file a motion to compel the debtor to do so. Fed.Rs.Bankr.P. 7001(1) and 9014(a). This does not, however, mean Debtors must pay Trustee Pierce the $2,111.00 she seeks.

First, the Court is not persuaded Debtors have "possession, custody, or control"

of any accrued vacation pay. They have not received any such vacation pay. They have only accrued vacation *time*, which gives them the right to request time off and the right to be paid for that time off, on the terms and conditions outlined in their respective employee handbooks. If they do not have possession, custody, or control of any accrued vacation pay, they cannot be compelled to turn it over: "[B]oth the bankruptcy code and pre code practice dictate that an entity lacking present possession of property cannot be the subject of a motion to compel turnover." *Brown v. Pyatt* (*In re Pyatt*), 486 F.3d 423, 429 (8th Cir. 2007).[8]

Second, if Debtors were deemed to have possession, custody, or control of any accrued vacation pay, their obligation under § 542(a) would be to deliver that accrued vacation pay *or* its value to Trustee Pierce. Delivering either would satisfy their obligation. Understandably, Trustee Pierce would rather receive cash from Debtors than attempt to recover Debtors' accrued vacation pay from their employers. However, nothing in § 542(a) suggests the choice is hers to make. If Debtors turn over their accrued vacation time, they will have done all they are required to do under § 542(a).

Third, if the choice were Trustee Pierce's to make, the record does not support a finding that Debtors' accrued vacation time is worth the $2,111.00 sought by Trustee Pierce. The parties stipulated Russell's accrued vacation time has a "gross

---

[8] It should go without saying if Debtors are paid post-petition for any of the vacation time they accrued pre-petition, they must turn that vacation pay over to Trustee Pierce.

value" of $2,015.45, from which payroll taxes of $153.18 would be withheld, and Cindy's accrued vacation time has a "gross value" of $276.89, from which payroll taxes of $28.16 would be withheld.[9]  *If* Russell had terminated his employment with Sweetman on the petition date, he would have received a payment of $1,862.27 for his accrued vacation time, and *if* Cindy had terminated her employment with Bethesda on the petition date, she would have received a payment of $248.73 for her accrued vacation time.  However, Debtors did not terminate their employment on the petition date.  Consequently, this evidence is not determinative of the value of Debtors' accrued vacation time.  At a minimum, what the parties have called the gross value–which the Court prefers to consider the "face value"–of Debtors' accrued vacation time would have to be discounted to account for the possibility that Debtors might not terminate their employment for some time and for the further possibility that Debtors' vacation time would be lost in the meantime under the "use or lose" provisions in Debtors' employee handbooks.  The parties have given the Court no basis for determining that discount.  The most that can be said is the value of Debtors' accrued vacation time is something less than the $2,111.00 sought by Trustee Pierce.

IV.

Taking all the foregoing into account, the Court will order Debtors to turn over the vacation time they accrued prior to filing their petition for relief herein.  Trustee

---

[9] The parties arrived at these "gross values" by multiplying each debtor's accrued vacation time by his or her hourly rate.

Pierce may then look to Debtors' employers to recover any sums Debtors would be entitled to receive for such accrued vacation time.

The Court will enter an appropriate order upon receipt of a proposed agreed order from the parties regarding the other issues raised in Trustee Pierce's motion, which they reported earlier as resolved, or upon Trustee Pierce's filing of a motion to approve a compromise of the other issues.

Dated:   February 16, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

**On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.**

**Frederick M. Entwistle**
**Clerk, U.S. Bankruptcy Court**
**District of South Dakota**

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota